IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.  11-cv-03271-RBJ

GN NETSOME, INC., a Delaware corporation,

    Plaintiff,

v.

CALLPOD, INC., an Illinois corporation, and
DARREN GUCCIONE, an individual,

    Defendants.

## ORDER

This motion to dismiss comes before the Court in the context of claims of false patent marking pursuant to 35 U.S.C. § 292.  Defendants' counterclaimed alleging abuse of process. Plaintiff's now seek to dismiss the abuse of process counterclaim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**Facts**

Plaintiff GN Netcom is a supplier of hands-free communication devices including corded headsets, Bluetooth headsets, and wireless headset devices for use in offices and call centers. Defendant Callpod, Inc. designs, manufactures, and sells an electronic device, the Phoenix, that enables conference calling.  Defendant Guccione is the CEO of Callpod and a named inventor on the patents in this case, U.S. Design Patent No. D464,957 ('957 Patent) and Utility Patent 6,801,611 ('611 Patent).  GN Netcom and Callpod compete in certain product lines.

This case is not the first patent litigation that has arisen between the parties. Callpod brought suit in 2006 in the U.S. District Court for the Northern District of Illinois for alleged infringement of the '611 Patent. That case was appealed to the Federal Circuit and settled in April 2011. The terms of the settlement were not provided to this court. In July 2011 Callpod filed a lawsuit against Plaintiff and others for patent infringement of U.S. Patent No. 7,707,250 in the U.S. District Court for the Eastern District of Texas. Following that, in September 2011 GN Resound A/S, described by defendants as a sister company of plaintiff, filed a lawsuit against Callpod in the U.S. District Court for the Northern District of California.

On December 13, 2011 plaintiff filed this complaint against defendants alleging false marketing of a patent in violation of 35 U.S.C. § 292. Plaintiff argues that Callpod's website falsely advertises that the Phoenix is covered under the '611 Patent and the '957 Patent. Defendants responded with a counterclaim of abuse of process, arguing that this litigation is unsupported by fact and law and is motivated solely to harass the defendants and gain an unfair advantage in the pending California and Texas actions.

**Standard**

In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007). However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

**Conclusions**

A claim for abuse of process requires proof of three elements: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage." *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009) (quoting *Lauren Corp. v. Century Geophysical Corp.,* 953 P.2d 200, 202 (Colo. App. 1998)). Thus, to succeed on an abuse of process claim, a party must show not only improper motive, but also that the legal proceeding was used in an improper manner. *Id.* "[A]lthough the litigant's motive may be important in determining whether there was an 'ulterior purpose' for the use of the process, it still must be established that, viewed objectively, there was an improper *use* of the process." *Id.* (emphasis original).

An improper use of process occurs where a litigant seeks to obtain a collateral advantage that the legal process, when properly used, could not provide. *Partminer Worldwide Inc. v. Siliconexpert Tech. Inc.,* No. 09-cv-00586-MSK-MJW, 2010 WL 502718, at *2 (D. Colo. Feb. 10, 2010). Examples of improper purpose include filing a replevin action not to obtain physical property allegedly owned, but to force the other party to pay over a sum of money, *Aztec Sound Corp. v. W. States Leasing Co.,* 510 P.2d 897 (Colo. App. 1973), or filing a lis pendens not to assert claim of title to home, but to gain leverage in a child custody dispute, *Scozari v. Barone,* 546 So.2d 750 (Fla. Dist. Ct. App. 1989).

Defendants argue that this litigation is an abuse of process because the complaint was motivated solely by the ulterior purpose of gaining unfair leverage in other pending litigation between the parties. However, the defendants have failed to identify how this complaint is being

used improperly to create unfair leverage. Allegations that are purely conclusory are not sufficient to state a claim for relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555.

To support their claim, defendants cite a "pattern of bringing wholly unfounded lawsuits against Callpod for entirely improper purposes." (Defs.' Resp. 2). It is not clear to this Court that there is a pattern of unfounded lawsuits. Callpod filed a suit against defendant GN Netcom in 2006 that was settled in 2011. Callpod again brought suit in July 2011 against GN Netcom. In September of 2011 GN Resound A/S, a sister company of GN Netcom, initiated suit against Callpod. And finally, this case was filed by plaintiff GN Netcom in December 2011. This was the first case filed by GN Netcom against Callpod. Although there is substantial litigation between the parties, there is not a clear pattern of GN Netcom bringing lawsuits against Callpod for improper purposes.

Defendants also argue that when a lawsuit has no basis in fact or law, an abuse of process claim may be based on the filing of the lawsuit itself. However, this is not the law. Rather, a showing that the complaint lacked a reasonable factual basis or basis in law is sometimes included as a fourth factor required to show abuse of process. *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail,* 892 P.2d 367, 373 (Colo. App. 1994) ("if the claim is based upon an action that constitutes an exercise of a First Amendment right, such as right to petition, a claimant must also prove that the action taken lacked a reasonable factual basis, or if so supported, it lacked a cognizable basis in law."). Improper motive, improper use, and damages must still be shown. "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if knowingly brought suit upon an unfounded claim." *Hertz,* 576

F.3d at 1117 (quoting *James H. Moore,* 892 P.2d at 373).  Accordingly, filing a complaint not justified in fact or law alone is not enough to amount to abuse of process.

35 U.S.C. § 292 prohibits the use of "patent" or any word or number suggesting that a product is patented if the product is not patented.  The statute also provides that"[a] person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury." 35 U.S.C. § 292(b).  Callpod has offered no evidence that in filing a complaint, Netcom GN sought to do anything other than protect its legitimate competitive interests.  Accordingly, Netcom GN used the legal process to serve a regular and legitimate function in relation to the cause of action stated in the complaint.  Because Callpod has failed to show a plausible claim that Netcom GN used the legal proceedings in an improper manner, Callpod's claim for abuse of process must fail as a matter of law.

**Order**

Plaintiff's motion to dismiss Defendants' abuse of process claim is GRANTED.

DATED this 17th day of September, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge